IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                                   |   |               |
|---|---|---|
| **WANDA HAMILTON,**               | : | CIVIL ACTION  |
| Plaintiff,                        | : |               |
| v.                                | : | No. 13-2932   |
| **LMM MANAGEMENT, INC., et. al,** | : |               |
| Defendants.                       | : |               |

# M E M O R A N D U M

**Stengel, J.**                                                                 **March 19, 2014**

This is a consumer class action brought under the Fair Debt Collection Practices Act. The defendants move to stay the proceedings pending the outcome of a Chapter 7 bankruptcy of a debtor who is no longer a party to the case. For the reasons set forth below, I will deny this motion.

## I.   BACKGROUND

A detailed explanation of the procedural background of this case is necessary to understand this motion's disposition. Plaintiff Wanda Hamilton filed her complaint on May 28, 2013 against defendants McGuigan Law Office, LLM Management, Lawrence Weil, and CACH.[1] On August 23, 2013, the plaintiff filed an amended complaint, adding Square Two as a defendant.

---

[1] The defendant alleges that the plaintiff did not attempt to serve this complaint until September 2013. It is unclear why this note is included in this motion or how it serves to provide a basis for relief under this motion. If the defendants are implying an insufficient or ineffective service defense, any such defense would be waived because they failed to include it in their answers. See McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d

On Septemb*e*r 1, 2013, Defendant McGuigan Law Office filed a Chapter 7 bankruptcy petition in the Eastern District of Pennsylvania (Bankr. E.D. Pa. 13-17633). Upon filing, the bankruptcy was listed as a no asset case. On September 26, 2013, McGuigan Law filed a suggestion of bankruptcy in this court; as a result, this court entered an Order on September 30, 2013 placing this case in suspense pending the bankruptcy of McGuigan Law Office.[2]

On October 1, 2013, the plaintiff requested that the automatic stay be lifted, indicating that the non-debtor defendants were not entitled to the automatic stay. A telephone conference of counsel for the parties with this court was held on October 25, 2013 to discuss this request.[3] At that conference, counsel for McGuigan Law argued that all of the defendants were so intertwined such that the bankruptcy proceeding will have an effect on the other defendants.[4] After further discussion, the plaintiff agreed not to proceed with her claims against McGuigan Law in this case and to submit a second amended complaint with this change. The court agreed to this resolution with no objection from the defendants.

---

Cir. 1998)("[I]f a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of service under Rule 12(b)(5), that objection is waived."); Defendants' Answers, Doc. No. 18 and 19.

[2] This Order was made in accord with the automatic stay provision of 11 U.S.C. § 362. Though this provision typically only applies to the bankrupt defendant, a court may stay a case as to non-bankrupt defendants under 11 U.S.C. § 105. See McCartney v. Integra Nat. Bank, 106 F.3d 506, 510 (3d Cir. 1997).

[3] This conference was scheduled on October 4, 2013; October 25, 2013 was the earliest time available for a conference. See Doc. No. 10.

[4] Though not specifically noted, counsel's argument appeared to be premised on the "unusual circumstances" exception to the 11 U.S.C. § 362 automatic stay provision founded in McCartney, 106 F.3d at 510.

On October 29, 2013, this court entered an Order returning this case to the active docket and granting the plaintiff's request to amend her complaint. On November 1, 2013, the plaintiff filed a second amended complaint, which no longer named McGuigan Law as a defendant. On November 18, 2013, the defendants answered this complaint.[5] A Rule 16 conference was then scheduled for January 3, 2014.[6]

On December 30, 2013, the defendants filed this motion under Rule 60(b), asking the court to again stay the case.[7] They argue that the change in McGuigan Law's bankruptcy case from a non-asset case to an asset case on November 21, 2013 is "newly discovered evidence" that warrants a reconsideration of the court's previous decision to return the case to the active docket. See Order dated October 29, 2013, Doc. No. 16. The plaintiff argues that the motion is procedurally deficient and should be dismissed accordingly.

---

[5] In their answers, the defendants asserted as an affirmative defense that McGuigan Law and/or Michael McGuigan were necessary parties to this action. See Defendants' CACH and Square Two Answer, Doc. No. 19 at the Twentieth Affirmative Defense; Defendants' Weil and LLW Answer, Doc. No. 20 at Affirmative Defenses ¶ 15 (the defendants failed to provide page numbers on this document so a more exact cite is unavailable).

[6] The defendants also indicate that on November 4, 2013 the plaintiff unilaterally scheduled a deposition of Michael McGuigan, "attorney and sole member of McGuigan Law Office," before the Rule 26 conference was held. Defendants' Motion for Stay, Doc. No. 27 at ¶ 11. This is the first the court has heard of this issue, and it is not relevant to the motion at hand.

[7] The defendants' title their motion as a motion to stay or, in the alternative, motion for relief from order reinstating the case. The plaintiff argues that this is only a motion for reconsideration of the court's previous Order dated October 29, 2013. The defendants concede this point. See Defendants' Response in Support of their Motion to Stay, Doc. No. 37 (the defendants did not provide page numbers in their response so a more specific citation is unavailable).

Furthermore, the defendants offer no basis for their motion beyond what had already been discussed prior to this court entering the October 29th Order reinstating the case. They also contend that their motion is not premised on 11 U.S.C. § 362 and § 105 but instead is founded only in the court's equitable powers. Defendants' Response in Support of their Motion to Stay, Doc. No. 37 (the defendants did not provide page numbers in their response so a more specific citation is unavailable). For these reasons, I will treat this motion only as a motion for reconsideration under Rule 60(b), and not as an outright motion to stay the case.

## II. STANDARD OF REVIEW

The defendants bring their motion pursuant to Federal Rule of Civil Procedure 60(b)(2) and (6). These provisions state that a court "may relieve a party or a party's legal representative from a final judgment, order, or proceeding for… newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)… or any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(2) and (6). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Dasilva v. Esmor Correctional Services, Inc., 167 Fed.Appx. 303, 308 (3d Cir. 2006)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985))(quotation marks omitted). Any party requesting such relief "bears a heavy burden." Compass Technology, Inc. v. Tseng Laboratories, Inc., 71 F.3d 1125, 1130 (3d Cir.1995)(quoting Plisco v. Union R. Co., 379 F.2d 15, 17 (3d Cir.1967)). Courts should grant motions for reconsideration sparingly, in the interest of finality. Karibjanian v. Chromalloy Pharmaceutical, Inc., Civ. A. No. 90–4641, 1991 WL 125176, at *4 (E.D.Pa. June 28, 1991).

## III.   DISCUSSION

Rule 60(b) only allows reconsideration of final orders or judgments. An order is final when it fully resolves all the claims presented to the district court such that there is nothing further for the district court to do. See, e.g., Catlin v. United States, 324 U.S. 229, 233 (1945); Penn West Associates, Inc. v. Cohen, 371 F.3d 118, 125 (3rd Cir. 2004);

Aluminum Co. of Amer. v. Beazer East, Inc., 124 F.3d 551, 557 (3d Cir.1997); Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc., 998 F.2d 145, 150 (3d Cir.1993).

The plaintiff argues the defendants' motion should be denied because the Order dated October 29, 2013 would not be a final order under Rule 60(b).[8] I agree. The Order did not resolve all the claims asserted in this matter. See Vintage Grapevine, Inc. v. Mara, No. Civ.A. 00–2828, 2001 WL 940422, at *1 (E.D.Pa. Aug. 6, 2001)(denying a Rule 60(b) motion for reconsideration of a motion for summary judgment because the decision was not a final judgment or order); Karibjanian v. Chromalloy Pharmaceutical, Inc., Civ. A. No. 90–4641, 1991 WL 125176, at *4 (E.D.Pa. June 28, 1991)(finding that an order was not final under Rule 60(b) "because it did not resolve all claims against all parties in th[e] action"). For this reason, Rule 60(b) cannot provide a basis for relief.[9]

---

[8] The plaintiff also argues that the motion should be dismissed because it does not comply with Local Rule 7.1(c). This rule requires that "[e]very motion not certified as uncontested…shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion."  Beyond citing to Rule 60(b)(2) and 60(b)(6), the defendants provide no other legal authority or case law in either their motion or response.

"Courts in this District have consistently held the failure to cite any applicable law is sufficient to deny a motion as without merit because 'zeal and advocacy is never an appropriate substitute for case law and statutory authority in dealings with the Court.'" Anthony v. Small Tube Mfg. Corp., 535 F.Supp.2d 506, 511 n.8 (E.D.Pa. 2007)(quoting Marcavage v. Board of Trustees, Civ. A. No. 00-5362, 2002 U.S.Dist. LEXIS 19397, at *10 n. 8 (E.D.Pa. Sept. 30, 2002) (Tucker, J.)). See also SEC v. Going Platinum, Inc., No. Civ.A.2003-CV-04191, 2004 WL 2203716, at *1 n. 1 (E.D.Pa. Sept. 24, 2004) ("Any motion that comes before the court without a brief or memorandum of law in support of the motion may be dismissed out of hand for failure to comply with the Local Rules."); U.S. v. Mentzer, Civil Action No. 09–cv–2065, 2012 WL 1020232, at *6 (E.D.Pa. March 27, 2012)("[A] litigant's [sic] failure to cite to any applicable authority is enough to deny a motion as without merit."); Copenhaver v. Borough of Berville, Civ.A.No. 02-8398, 2003 U.S. Dist. LEXIS 1315, at *4 n. 1 (E.D.Pa. January 9, 2003).

I will decline to deny it for this reason alone but note that counsel's motion and response are woefully inadequate in this regard.

[9] The plaintiff also argues that this motion is untimely under Local Rule 7.1(g), which provides a fourteen day deadline for motions for reconsideration. Federal Rule of Civil Procedure 60(c), however, provides that a motion made under Rule 60 "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year the after the entry of the judgment or order." Since the motion is brought under Rule 60(b), I will decline to deny the motion as untimely. See also Anthony v. Small Tube Mfg. Corp., 484 Fed.Appx. 704, 707 n.2 (3d Cir. 2012).

5

Even if the motion pertained to an order that was final, the defendants offer no valid reason to undo the previous decision. They claim that the change in McGuigan Law's bankruptcy from a non-asset case to an asset case is "newly discovered evidence" under Rule 60(b).[10] However, the defendants fail to explain why this evidence was not available at the time the previous decision was made or why they were unable to discover this evidence, in line with the "due diligence" requirement of Rule 60(b)(2).[11]

The defendants essentially make a plea for equity, asking the court to prevent "potential double recoveries to the severe detriment of Defendants."[12] Defendants' Motion to Stay, Doc. No. 27 at ¶ 23. This notion builds on the same argument they

---

However, I will note that the defendants filed this motion over a month after the bankruptcy court converted McGuigan Law's case from a non-asset to an asset case—the supposed "newly discovered evidence" which precipitated this motion—without offering an explanation as to why it took a month to bring this information to the court's attention. It is questionable whether the motion under Rule 60(b)(6) was brought within a "reasonable time."

[10] In addition, the defendants seem to place the burden of discovering this evidence on the plaintiff and, then, attempt to turn this alleged burden into a violation of the plaintiff's duties to the putative class. See Defendants' Motion to Stay, Doc. No. 27 at ¶ 10. Their arguments that the plaintiff violated her class putative duty by not inquiring sooner into the assets of McGuigan Law Office offer no basis for relief in this instance. Furthermore, the defendants' own assertions that plaintiff's counsel had initially been involved in the bankruptcy proceedings offers an indication that the plaintiff was diligent in her duty, not negligent as the defendants assert. Lastly, the defendants claim that McGuigan Law has insurance which would cover claims against it in this matter. See Defendants' Motion to Stay, Doc. No. 27 at ¶ 10. This insurance is not listed as an asset in the bankruptcy proceeding, so it is unclear what relevance it has on this motion. See Plaintiff's Response in Opposition to Defendants' Motion, Doc. No. 33, Ex. A (McGuigan's bankruptcy petition listing only credit card and collection licenses as assets).

[11] The fact that McGuigan Law has assets available is information that McGuigan Law would have known previously. Yet, this information was not presented at the October 24th telephone conference, when McGuigan Law was still a party to the case. In addition, counsel for McGuigan Law, Robert Kline, is serving as his counsel in the bankruptcy matter. He also represented McGuigan Law, Weil, and LLM Management at the telephone conference held on October 24, 2013, before the October 29, 2013 Order was entered. Court documents also indicate that he has served as McGuigan Law's counsel on two cases prior to this one, so had some rapport with McGuigan Law at the time the telephone conference was held. See McGurk v. McGuigan Law Office, LLC, 13cv3794 (E.D.Pa. 2013); Carbo v. McGuigan Law Office, LLC, 12-cv-6127 (E.D.Pa. 2012). These points undercut the defendants' claim that the evidence was "newly discovered" and that they could not have been presented sooner.

[12] The defendants assert that their motion is not one premised under 11 U.S.C. § 362 and § 105 but instead is founded only in the court's equitable powers. Defendants' Response in Support of their Motion to Stay, Doc. No. 37 (the defendants did not provide page numbers in their response so a more specific citation is unavailable).

presented prior to the entry of the previous Order—that McGuigan Law is so indispensable that this proceeding cannot go forward while McGuigan Law's bankruptcy is pending. "Ultimately, the moving party bears the burden of showing that the absent party should be joined under Rule 19." Dale v. Abeshaus, Civ. A. No. 06–CV–04747, 2013 WL 5379384, at *4 (E.D.Pa. Sept. 26, 2013)(citing Disabled in Action v. Southeastern Pennsylvania Transportation Authority, 635 F.3d 87, 97 (3d Cir.2011)). Both then and now, the defendants fail to explain what makes McGuigan Law so indispensable.

The defendants also fail to explain how the relationship of the parties would cause there to be a "double recovery."[13] None of the defendants are named as co-debtors in McGuigan Law's bankruptcy proceeding. By all accounts offered, McGuigan Law is a separate entity from the other defendants and is no longer a party to this action. Therefore, the defendants have offered no basis for staying this case pending the resolution of McGuigan Law's bankruptcy.[14]

Given its deficiencies, I have no choice but to deny the defendants' motion.

## IV. CONCLUSION

For the reasons stated above, I will deny the defendants' Rule 60(b) motion. An appropriate Order follows.

---

[13] The defendants simply state that McGuigan Law and Michael McGuigan, its sole member, are "so inextricably intertwined due to their legal and contractual relationships with the remaining Defendants," as they had during the telephone conference discussing the stay. Defendants' Motion to Stay, Doc. No. 27 at ¶ 18 (c). They offer no other information or explanation about these relationships between the parties in their motion or response.

[14] See also Dale v. Abeshaus, Civ. A. No. 06–CV–04747, 2013 WL 5379384, at *16 n.78 (E.D.Pa. Sept. 26, 2013)(finding that joinder of a defendant in bankruptcy was "not feasible" because all proceedings against them were subject to the automatic stay).